**SIGNED THIS: January 06, 2011**

                                     **GERALD D. FINES**
                            **UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                  )
                                          )
SOUTHCREEK DEVELOPMENT, LLC,  )  Bankruptcy Case No. 10-90327
                                          )
                      Debtor.        )

OPINION

This matter having come before the Court on remand from the United States District Court; the Court, having heard arguments of counsel and having reviewed written memoranda of law submitted by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts and chronological events in this matter are not in dispute, and are, in pertinent part, as follows:

    1.    Southcreek Development, LLC, filed for relief under Chapter 7 of the Bankruptcy Code on February 24, 2010.

2. Included in the Debtor's assets was a parcel of real estate subject to an Annexation Agreement with the Village of Manteno.

3. On April 12, 2010, The Village of Manteno's Motion for an Order Protecting its Interest in the Real Property Owned by Southcreek Development, LLC Under 11 U.S.C. §363, was filed.

4. On April 28, 2010, Centrue Bank filed its Objection to The Village of Manteno's Motion for an Order Protecting its Interest in the Real Property Owned by Southcreek Development, LLC Under 11 U.S.C. §363.

5. On May 6, 2010, a hearing was held on the Motion of the Village of Manteno and on the Objection of Centrue Bank, resulting in the entry of an Order on May 18, 2010, in this Court, which found that the Chapter 7 Trustee was entitled to sell the real estate at issue free and clear of the obligations imposed under the Amended Annexation Agreement of the Village of Manteno for the reason that the Court found a bona fide dispute regarding the validity of the Amended Annexation Agreement under 11 U.S.C. § 363(f)(4).

6. On June 1, 2010, the Village of Manteno filed a Notice of Appeal of this Court's Order of May 18, 2010, to the United States District Court for the Central District of Illinois.

7. On October 25, 2010, the United States District Court for the Central District of Illinois entered a Judgment reversing this Court's May 18, 2010, Order, based upon the District Court's finding that there was no bona fide dispute under 11 U.S.C. § 363(f), in that the Statute of Limitations, codified at 65 ILCS 5/7-1-46, barred the challenge to the Village of Manteno's Motion for protective order. The District Court remanded the matter to this Court for further proceedings as necessary.

8. The matter was set for hearing on remand before this Court on November 18, 2010. At hearing on November 18, 2010, the Court directed the parties to file written briefs on their respective positions, with the Court to rule thereafter.

9. The Chapter 7 Trustee filed a no-asset report on September 23, 2010, indicating that there were no assets to administer, resulting in no sale being sought of the real estate subject to the Amended Annexation Agreement of the Village of Manteno.

## Conclusions of Law

In addition to its other arguments, Centrue Bank has asserted that now the Village of Manteno's Motion is premature, because no sale of the property is actually pending as a result of the Chapter 7 Trustee's no-asset report filed on September 23, 2010. Centrue Bank asserts that, in the event that a sale should occur, the parties will then be afforded an opportunity to object, and it is at that time that a protective order would be appropriate pursuant to 11 U.S.C. § 363(b)(1). This Court does not interpret § 363 as proposed by Centrue Bank. Section 363(e) states:

> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from stay under section 362).

Based upon the clear language of § 363(e), the Court finds that the Village of Manteno has the right to move to protect its interest in the subject real estate at any time, and not just upon consummation of a sale.

In addition to the argument that the Village of Manteno's Motion is premature, Centrue Bank asserts that the Motion is also moot as a result of the Trustee's no-asset report filed on September 23, 2010. This issue is controlled by 11 U.S.C. § 554, which clearly states that a trustee must provide notice of a hearing before he can abandon property. While it is apparent from the Trustee's no-asset report that he does not intend to attempt to sell the subject real estate, that statement of intention is not tantamount to an abandonment. Pursuant to the provisions of 11 U.S.C. § 554, the subject real estate remains part of the Chapter 7 bankruptcy estate and is potentially subject to sale until the closing of the Chapter 7 case.

When this matter was originally argued before this Court, Centrue Bank objected to the Village of Manteno's Motion for protective order arguing that the property could be sold free and clear of the Village of Manteno's interest under 11 U.S.C. § 363(f), because there was a bona fide dispute as to the validity of the Village of Manteno's interest. Initially, this Court agreed with the position of Centrue Bank, and it was this ruling that was appealed to the United States District Court. The District Court has now reversed on that issue. Therefore, the bona fide dispute exception found under 11 U.S.C. § 363(f)(4) is no longer at issue. Thus, it is left to this Court to determine whether any of the other exceptions found under 11 U.S.C. § 363(f) apply to the Village of Manteno's interest such that the subject real estate could be sold free and clear of that interest.

Title 11 U.S.C. § 363(f) states:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

As for the first prong of 11 U.S.C. § 363(f), the Court finds that Centrue Bank has cited no nonbankruptcy law that would allow the sale of the subject property free and clear of the Village of Manteno's interest in light of the finding of the United States District Court that the Statute of Limitations, codified at 65 ILCS 5/7-1-46, bars any attempt to invalidate the Village of Manteno's interest.

4

In considering the second prong of § 363(f), the Court finds that the Village of Manteno has never consented to the Trustee's proposed sale of property free and clear of its interest in this proceeding either expressly or implicitly. The Court finds that there has been no waiver of the Village of Manteno's right to consent based upon the admissible facts presented to the Court. The third prong of § 363(f) is inapplicable to this case.

As for the fifth prong of § 363(f), Centrue Bank argues that the Village of Manteno could be compelled to accept a money satisfaction of its interest in a legal or equitable proceeding because the Village of Manteno is not entitled to specific performance under the law. Under the clear law of the Seventh Circuit, the Village of Manteno can only be compelled to accept money satisfaction if the subject Amended Annexation Agreement gives the breaching party the right to elect monetary relief for the non-breaching party's remedy. See: Gouveia v. Tazbir, 37 F.3d 295 (7th Cir. 1994). In Gouveia, the Seventh Circuit explained the parameters of the court's inquiry under 11 U.S.C. § 363(f)(5) as follows:

> In reading the text of the statute we note that an entity must be able to be "compelled" to accept money damages in lieu of equitable enforcement before subsection (5) will apply. From this language we conclude that if the money damages are available upon the consent of those who hold the covenant, then such persons are not compelled to accept money, and thus § 363(f)(5) does not apply. The pertinent language of the covenant provides as follows:
>
>> "Enforcement shall be by proceeding at law or in equity against any person or persons violating or attempting to violate any covenant either to restrain violation or recover damages."
>
> In reading this language the bankruptcy court determined that the Lincoln landowners have the option to pursue money damages, but that the landowners cannot be forced to forego equitable relief in favor of a cash award. Thus, the court concluded, § 363(f)(5) does not apply to the Lincoln Covenant. We again agree. *The Lincoln Covenant speaks only in terms of the election of remedies available to those landowners who seek to enforce the restrictive covenant. No mention is made of any rights available to the breaching landowner, at his option, to unilaterally elect among the enforcement seekers' potential remedies.* Since Lincoln landowners cannot be forced to accept money damages in lieu of equitable relief, we conclude that § 363(f)(5) is inapplicable to the case at bar. (Emphasis supplied). Gouveia, 37 F.3d at 299.

Following the logic of Gouveia, unless the breaching party has a right to unilaterally elect among the potential remedies available, the non-breaching party cannot be compelled, as the term

is used in § 363(f)(5), to accept money satisfaction of its interest.  The Amended Annexation Agreement at issue does not allow the breaching party to chose which remedies the non-breaching party must accept.  As such, the Village of Manteno can't be compelled to accept money satisfaction of its interest in a legal or equitable proceeding.  None of the cases cited by Centrue Bank in support of its argument that the Village of Manteno could be required to accept a money satisfaction involve a public improvement, annexation agreement, or a statutory cause of action.  The cases cited by Centrue Bank are not relevant in light of § 11-15.1-4 of the Illinois Municipal Code, which gives a municipality the right to compel specific performance of an annexation agreement even when it involves the construction of a road.  See:  Village of Orland Park v. First Federal Savings & Loan Association of Chicago, 135 Ill.App.3d 520, 481 N.E.2d 946 (1985).

     Having concluded that none of the exceptions found under 11 U.S.C. § 363(f) apply to the Village of Manteno, the Court finds that The Village of Manteno's Motion for an Order Protecting its Interest in the Real Property Owned by Southcreek Development, LLC Under 11 U.S.C. §363 should be allowed.

###